**EARTHJUSTICE**

**ORAL ARGUMENT HELD ON APRIL 19, 2016**

April 27, 2016

***Via Electronic Case Filing***
Mark Langer, Clerk
U.S. Court of Appeals for the D.C. Circuit
E. Barrett Prettyman United States Courthouse
333 Constitution Avenue, NW, Room 5205
Washington, DC  20001

Re:   *EarthReports, Inc. v. FERC*, No. 15-1127—Response of EarthReports, Inc., *et al.* to Letter Submitted by FERC on April 25, 2016, Pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure

Dear Mr. Langer:

We hereby respond to the Federal Energy Regulatory Commission's letter transmitting the Department of Energy's order denying rehearing of its authorization to export liquefied natural gas from facilities to be built by Dominion Cove Point LNG, LP at its Maryland terminal ("Liquefaction Project").

DOE's order ("Order") elucidates the scope of review undertaken under the National Environmental Policy Act ("NEPA") before FERC and DOE approved the Liquefaction Project under the Natural Gas Act ("NGA").

- Because NEPA forecloses segmented review, FERC prepared an environmental assessment ("EA") for "all applicable Federal authorizations" required for the Liquefaction Project, 15 U.S.C. § 717n(b)(1)—including *both* FERC's facilities approval *and* DOE's export authorization, *see id.* § 717n(b) (defining "Federal authorization").  *See* Order at 5; EA at 19. Although agencies seeking to comply with NEPA must "consider 'indirect effects' of proposed actions," Order at 17, FERC concluded that indirect impacts of "induced natural gas production" and "indirect impacts on climate change" need not be analyzed in the EA and issued a finding of no significant impact ("FONSI") on September 29, 2014.  *Id.* at 3, 6.

- DOE then "adopted FERC's EA and issued a FONSI for DCP's proposed Liquefaction Project (DOE/EA-1942)." *See id.* at 3 & n.14 (citing DOE's FONSI, a copy of which is in the record and annexed hereto). The FONSI provides: "All discussion and analyses related to the potential impacts of a grant of the export application are contained within the EA . . . and in FERC's September 29 Order . . . ." DOE FONSI at 3 (noting consideration of DOE's Addendum as well).

Both agencies were required to conduct an independent review under NEPA, and we agree that they did so. But the EA had to assess indirect impacts of *both* facilities and export, so FERC cannot shift to DOE the obligation to consider indirect impacts of induced gas production or life-cycle climate impacts. The separate public interest determinations required under section 3 of the NGA do not relieve FERC of its obligation under NEPA to assess those reasonably foreseeable and significant impacts. EarthReports Reply Br. at 5 n.3.

Respectfully submitted,

/s/ *Deborah Goldberg*

Deborah Goldberg
212-845-7377
dgoldberg@earthjustice.org

*Counsel for EarthReports,Inc.;*
*Sierra Club; and Chesapeake*
*Climate Action Network*


Attachment

cc: Counsel of Record (via ECF)

**FINDING OF NO SIGNIFICANT IMPACT
FOR COVE POINT LIQUEFACTION PROJECT REGARDING
DOMINION COVE POINT LNG, LP, APPLICATION SEEKING
DEPARTMENT OF ENERGY AUTHORIZATION TO EXPORT
LIQUEFIED NATURAL GAS FROM DOMINION COVE POINT LNG TERMINAL TO
NON-FREE TRADE AGREEMENT NATIONS**

**AGENCY:** U.S. Department of Energy, Office of Fossil Energy

**ACTION:** Finding of No Significant Impact

**SUMMARY:** Pursuant to section 1501.6 of the regulations of the Council on Environmental Quality (CEQ), 40 CFR 1501.6, the U.S. Department of Energy (DOE) participated as a cooperating agency with the Federal Energy Regulatory Commission (FERC) in the preparation of an environmental assessment (EA) that analyzed the potential environmental impacts associated with applications submitted by Dominion Cove Point LNG, LP (Dominion) with FERC and the Department of Energy, Office of Fossil Energy (DOE/FE) seeking authorization to site, construct, and operate liquefaction and export facilities at the existing Cove Point LNG Terminal in Calvert County, Maryland.

**SUPPLEMENTARY INFORMATION:** On April 1, 2013, Dominion filed an application with FERC in Docket No. CP13-113-000 under section 3(a) of the Natural Gas Act (NGA) and the procedures of Part 153 of FERC's regulations seeking authority to site, construct, modify, and operate facilities to be used for the liquefaction of natural gas for export at Dominion's existing Cove Point LNG Terminal in Calvert County, Maryland. In addition, Dominion's application requested authorization under section 7(c) of the NGA and Part 157 of FERC's regulations to construct, install, own, operate, and maintain facilities at Dominion's existing Pleasant Valley Compressor Station in Fairfax County, Virginia, and existing Loudoun Compressor Station in Loudoun County, Virginia, for the transportation of natural gas associated with Dominion's proposed liquefaction plant. The facilities proposed under sections 3(a) and 7(c) of the NGA are collectively referred to as the Cove Point Liquefaction Project (Project). Prior to filing its application, Dominion participated in the FERC's pre-filing process under Docket No. PF12-16-000.

On October 3, 2011, Dominion filed an *Application for Long-Term Authorization to Export LNG to Non-Free Trade Agreement Countries* with DOE/FE (FE Docket No. 11-128-LNG). In its application, Dominion requested approval to export LNG up to the equivalent of 1 billion cubic feet of natural gas per day (Bcf/d), or approximately 7.82 million metric tons per year (mtpy) to any country with which the United States does not have a free trade agreement (FTA) and with which trade is not prohibited by U.S. law or policy. On May 2, 2013, Dominion notified DOE/FE that Dominion had requested FERC authorization to construct and operate liquefaction facilities with LNG production capacity of up to 5.75 mtpy (estimated by DOE/FE to be 0.77 Bcf/d), instead of 7.82 mtpy (1 Bcf/d).

On September 11, 2013, DOE/FE issued Order No. 3331 conditionally authorizing Dominion to export LNG up to the equivalent of 0.77 Bcf/d of natural gas to non-FTA nations subject to the satisfactory completion of the environmental review being prepared by FERC on Dominion's application to build and operate the Project. The purpose and need for DOE action is to comply with section 3(a) of the NGA, which requires DOE to issue an order granting an application for authority to export natural gas unless, after opportunity for hearing, it finds that the proposed export will not be consistent with the public interest.

FERC prepared an EA for the Project, which it released for comment in May 2014, and finalized in its Order Granting Section 3 Authorization, issued September 29, 2014. 148 FERC ¶ 61,244. The FERC Order, *inter alia,* granted Dominion's application to construct and operate the Project subject to appropriate mitigating measures set forth as an appendix to the order.

**DOE's Addendum:** On June 4, 2014, DOE/FE published the *Draft Addendum to Environmental Review Documents Concerning Exports of Natural Gas from the United States* for public comment (79 FR 32258). Although not required by NEPA, DOE/FE prepared the Addendum in an effort to be responsive to the public and to provide the best information available on a subject that had been raised by commenters. The Addendum addresses unconventional natural gas production in the nation as a whole. It does not attempt to identify or characterize the incremental environmental impacts that would result from LNG exports to non-FTA nations.

Fundamental uncertainties constrain our ability to foresee and analyze the incremental natural gas production that may be induced by permitting exports of LNG to non-FTA countries. Such impacts are not reasonably foreseeable and cannot be analyzed with any particularity. There is uncertainty as to the aggregate quantity of natural gas that ultimately may be exported to non-FTA countries. Receiving a non-FTA authorization from DOE/FE does not guarantee that a particular facility will be financed and built; nor does it guarantee that, if built, market conditions would continue to favor export once the facility is operational.

There is also fundamental uncertainty as to where any additional production would occur and in what quantity. As the Addendum illustrates, nearly all of the environmental issues presented by unconventional natural gas production are local in nature, affecting local water resources, local air quality, and local land use patterns, all under the auspices of state and local regulatory authority. As DOE explained in *Sabine Pass Liquefaction, LLC*, DOE/FE Order No. 2961, without knowing where, in what quantity, and under what circumstances additional natural gas production will arise, the environmental impacts resulting from production activity induced by LNG exports to non-FTA countries are not "reasonably foreseeable" within the meaning of the CEQ's NEPA regulations.[1]

The 45-day comment period on the Draft Addendum closed on July 21, 2014. DOE/FE received 40,745 comments in 18 separate submissions, and considered those comments in issuing the Addendum on August 15, 2014. DOE provided a summary of the comments received and responses to substantive comments in Appendix B of the Addendum. DOE/FE has incorporated

---

[1] *Sabine Pass*, DOE/FE Order No. 2961-A, at 11 (quoting 40 C.F.R. § 1508.7).

the Draft Addendum, comments, and final Addendum into the record in its Dominion Cove Point proceeding.

**Adoption:** All discussion and analyses related to the potential impacts of a grant of the export application are contained within the EA prepared by FERC, "Environmental Assessment for the Cove Point Liquefaction Project,"[2] which is herein adopted (DOE/EA-1942) and incorporated by reference, and in FERC's September 29 Order Granting Section 3 Authorization. The EA examined potential impacts in the following areas and found that with appropriate mitigating measures, none would constitute a major federal action significantly affecting the quality of the human environment: geology and soils; water resources; fisheries, vegetation, and wildlife resources; land use, recreation, and visual resources; socioeconomics; cultural resources; air quality and noise; reliability and safety; and cumulative impacts. While not required by NEPA, DOE also considered the Addendum, as discussed above.

**DETERMINATION:** On the basis of the EA, the Addendum and FERC's September 29 order, DOE has determined that granting Dominion's application for authority to export LNG, subject to the environmental conditions imposed on Dominion that are set forth in the EA and FERC's September 29 Order Granting Section 3 Authorization, will not have a significant effect on the human environment. The preparation of an environmental impact statement, therefore, is not required and DOE is issuing this Finding of No Significant Impact.

Copies of the EA and FONSI will be available on the DOE/FE website at http://www.fossil.energy.gov/programs/gasregulation/authorizations/2011_applications/Dominion_Cove_Point_LNG%2C_LP_11-128-LNG.html. The EA and FONSI will also be available at:
www.gc.energy.gov/NEPA, under DOE NEPA Documents.

Signed in Washington, D.C., on November 5, 2014.

Christopher A. Smith
Principal Deputy Assistant Secretary
Office of Fossil Energy
U.S. Department of Energy

---

[2] *Environmental Assessment for the Cove Point Liquefaction Project*, FERC Docket No. CP13-113-000, September 2014; DOE EA-1942, DOE/FE Docket No. 11-128-LNG.

3